RECEIVED
NOV - 5 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MARILYNN FREE** | **CASE NO. 1:17-CV-01261** |
| **VERSUS** | **JUDGE DRELL** |
| **WAL-MART LOUISIANA L L C** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant, Wal-Mart Louisiana, LLC ("Wal-Mart") in the above-captioned personal injury suit. (Doc. 24). For the reasons explained herein, the motion will be GRANTED in full, dismissing all claims by plaintiff, Marilyn Free, against Wal-Mart.

I.  Background

A. Relevant Facts

Plaintiff claims that, on or about November 7, 2016, while shopping at the Wal-Mart location at 3636 Monroe Highway in Pineville, Louisiana, she was injured when she reached up to pull a boxed toy from a shelf above her head, at which time several books slid from their location on top of the boxed toy and hit her in the face. (Doc. 1-2 at ¶ III; Doc. 24-2 at 22:8-23). As a result of the impact of these books to her "face, head and neck area[,]" plaintiff alleges she suffered various damages and injuries, including physical pain and suffering, mental anguish, lost wages, loss of enjoyment of life and loss of consortium. (Doc. 1-2 at ¶ IV). Plaintiff attributes her injuries to Wal-Mart's negligence in failing to properly inspect the toy section where she was shopping.

Wal-Mart denies negligence in conjunction with plaintiff's claims in this suit. Specifically, Wal-Mart responds with the affidavit of Rodney Lowery (Lowery), the then-manager of Wal-Mart's toy department, who attests that, on the date in question, he and fellow toy department

employees conducted inspections of the toy department. Lowery attests that these inspections specifically sought misplaced merchandise, including in the area around the ride-on toys where plaintiff's accident occurred. (Doc. 24-3). Wal-Mart urges dismissal of plaintiffs' claims based on a lack of prima facie evidence.

B. Relevant Standard

Fed. R. Civ. P. 56 provides that any party may move for summary judgment as to one or more claims or defenses. "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

II. Analysis

Plaintiff's claims arise under Louisiana's theory of merchant premises liability found at La. R.S. 9:2800.6(A). Specifically, subsection (A) provides that

> [a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

Interpreting this statute, the Fifth Circuit explains,

> [t]o prevail in a falling merchandise case, the customer must demonstrate that (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident[.] [T]he customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises. Caruso v. Academy Sports and Outdoors, 271 So.3d 355, 359-60 (5th Cir. 2019) *quoting* Hodges v. J.C. Penney Corp., Inc., 900 So.2d 966, 968 (2005).

Once plaintiff successfully establishes the existence of a premise hazard, the defendant may free itself from fault by demonstrating that it exercised reasonable care to avoid such hazards. Id.

Wal-Mart's motion focuses on plaintiff's ability to demonstrate the element of negligence in this case. To that end, Wal-Mart produces the affidavit of then-toy department manager Lowery describing his efforts keeping the toy department orderly and free of unsafe conditions. Specifically, Lowery attests:

> Shortly after arriving and clocking in, as I usually did, I walked through the Toy Department, straightening up and checking for any unsafe condition or items out of place. Multiple other Store associates were working in the Toy Department that day, and all of them are responsible for looking for unsafe conditions and items out of place...Approximately five minutes prior to this incident, I was on this same aisle. While on this aisle, I inspected the location where Ms. Free's accident occurred and did not see any items out of place. Doc. 24-3 at ¶¶ 4, 6.

Plaintiff offers no contrary argument or evidence to refute Lowery's testimony regarding the periodic inspection procedures of the toy department in general and on the date in question. Rather, plaintiff's opposition premises survival of the suit on Louisiana's constructive knowledge provision, which requires premises liability plaintiffs to show that the hazard at issue existed for "some time" during which, through the exercise of reasonable care, the merchant should have come to know of its existence. The court is unaware of any line of cases applying La. R.S. 9:2800.6(B)'s constructive notice requirement to falling merchandise scenarios. Rather, constructive notice is properly applied in slip-and-fall premises liability cases, to which subsection (B) clearly relates. White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1084 (La. 1997).

While we need not explore plaintiff's argument further, we do note that, were we to accept the theory of constructive notice as applicable in this case, our result would not differ. Plaintiff offers no evidence demonstrating the presence of the books at issue prior to the incident itself.

Rather, the uncontroverted testimony from Lowery is that the last periodic inspection prior to plaintiff's injury revealed no misplaced merchandise in that area. Speculation is inadequate as evidence in this regard. Waterman v. Acadiana Mall CMBS, LLC, 269 So.3d 789, 800-01 (La. App. 3 Cir. 2019) *citing* Pierite v. DG Louisiana, LLC, 258 So.3d 901 (La. App. 3 Cir. 2018). We also note that the fact that the books slid from on top of the box being lifted by plaintiff is insufficient, on its own, to establish negligence. The mere fact that merchandise falls does not establish negligence. Davis v. Wal-Mart Stores, Inc., 774 So.2d 84, 91 (La. 2000).

III. Conclusion

Given our finding that plaintiff fails to show negligence by Wal-Mart in this case, an essential element of her claim and one as to which she will bear the burden of proof at trial, the motion before the court will be GRANTED in full, dismissing all remaining claims by plaintiff in this suit with prejudice. A judgment in conformity with this finding will issue.

Alexandria, Louisiana
5 November, 2019

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT